**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

BROADCAST MUSIC, INC.; SONY/ATV
SONGS, LLC. d/b/a SONY/ATV TREE
PUBLISHING; LOST BOYS MUSIC; HOUSE
OF BRYANT PUBLICATIONS, LLC; GIBB
BROTHERS MUSIC; CROMPTON SONGS;
SONY/ATV SONGS, LLC; WARNER-
TAMERLANE PUBLISHING CORP.;
SONGS OF UNIVERSAL, INC.; EMI
BLACKWOOD MUSIC, INC.;
APOLLINAIRE MUSIC; ANIWI MUSIC,
LLC.; R AND R NOMAD PUBLISHING
COMPANY, a division of R & R NORMAD
PUBLISHING CO., LLC; and 4U2ASKY
ENTERTAINMENT, INC.,

                Plaintiffs,

     v.

THE SURF RESTAURANT, LLC. d/b/a THE
SURF RESTAURANT, and DENNIS
ROLLKA and MIKE NARDONE, each
individually,

                Defendants.

CIVIL ACTION NO.:

**COMPLAINT**

Plaintiffs, by their attorneys, for their Complaint against Defendant[s], allege as follows

(on knowledge as to Plaintiffs; otherwise on information and belief):

<u>JURISDICTION AND VENUE</u>

1.     This is a suit for copyright infringement under the United States Copyright Act of 1976,

as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant

to 28 U.S.C. Section 1338(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

THE PARTIES

3.      Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware.  BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.  BMI has been granted the right to license the public performance rights in nearly 13 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.      The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.      Plaintiff Sony/ATV Songs, LLC is a limited liability company d/b/a Sony/ATV Tree Publishing.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

6.      Plaintiff House of Bryant Publications, LLC is a limited liability company.   This Plaintiff is a copyright owner of at least one of the songs in this matter.

7.      Plaintiff Sony/ATV Songs, LLC is a limited liability company.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

8.      Plaintiff Warner-Tamerlane Publishing Corp. is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

9.      Plaintiff Songs of Universal, Inc. is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

10.     Plaintiff EMI Blackwood Music, Inc. is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

11.     Plaintiff 4U2asky Entertainment, Inc. is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

12.     Plaintiff R and R Nomad Publishing Company, a division of R & R Nomad Publishing Co., LLC is a limited liability company.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

13.     Plaintiff Gibb Brothers Music is a partnership owned by Estate of Maurice Ernest Gibb and Estate of Robin Gibb.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

14.     Plaintiff Lost Boys Music is a sole proprietorship owned by James Richard Steinman. This Plaintiff is a copyright owner of at least one of the songs in this matter.

15.     Plaintiff Crompton Songs is a sole proprietorship owned by Barry Alan Gibb.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

16.     Plaintiff Apollinaire Music is a sole proprietorship owned by Lester Antonio Mendez. This Plaintiff is a copyright owner of at least one of the songs in this matter.

17.     Defendant The Surf Restaurant, LLC is a limited liability company organized and existing under the laws of the state of Florida, which operates, maintains and controls an establishment known as The Surf Restaurant, located at 650 N. Highway 27, Minneola, Florida 34715, in this district (the "Establishment").

18.     In connection with the operation of the Establishment, Defendant The Surf Restaurant, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

19.     Defendant The Surf Restaurant, LLC has a direct financial interest in the Establishment.

3

20.     Defendant Dennis Rollka operates, maintains and controls an establishment known as The Surf Restaurant, located at 650 N. Highway 27, Minneola, Florida 34715, in this district. In connection with the operation of this business, Defendant publicly performs musical compositions and/or causes musical compositions to be publicly performed.

21.     Defendant Dennis Rollka is a manager of Defendant The Surf Restaurant, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

22.     Defendant Dennis Rollka has the right and ability to supervise the activities of Defendant The Surf Restaurant, LLC and a direct financial interest in that limited liability company and the Establishment.

23.     Defendant Mike Nardone operates, maintains and controls an establishment known as The Surf Restaurant, located at 650 N. Highway 27, Minneola, Florida 34715, in this district. In connection with the operation of this business, Defendant publicly performs musical compositions and/or causes musical compositions to be publicly performed.

24.     Defendant Mike Nardone is an owner of Defendant The Surf Restaurant, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

25.     Defendant Mike Nardone has the right and ability to supervise the activities of Defendant The Surf Restaurant, LLC and a direct financial interest in that limited liability company and the Establishment.

4

## CLAIMS OF COPYRIGHT INFRINGEMENT

26.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 25.

27.     Since May 2017, BMI has reached out to Defendants over fifty (50) times, by phone, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire.  Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

28.     Plaintiffs allege thirteen (13) claims of willful copyright infringement, based upon Defendant's unauthorized public performance of musical compositions from the BMI Repertoire.  All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendant[s].

29.     Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the thirteen (13) claims of copyright infringement at issue in this action.  Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical

composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

30.     For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

31.     For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

32.     For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

33.     For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

34.     The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this

Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I)   Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II)   Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III)   Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV)   Plaintiffs have such other and further relief as is just and equitable.

Dated: February 1, 2019

s/ Zachary D. Messa
Zachary D. Messa, Esquire
Florida Bar No. 513601
Email: zacharym@jpfirm.com
JOHNSON POPE BOKOR
RUPPEL & BURNS, LLP
911 Chestnut Street
Clearwater, Florida 33756
Tel. (727)461-1818 / Fax (727)462-0965

-and-

Frank R. Jakes, Esquire
Florida Bar No. 372226
Email: frankj@jpfirm.com
JOHNSON POPE BOKOR
RUPPEL & BURNS, LLP
403 East Madison Street, Suite 400
Tampa, Florida 33601-1100
Tel. (813) 225-2500 / Fax (813)223-7118
Attorneys for Plaintiffs